IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| MARK LEE PAULER, | ) | Civil Action No. 5:16-cv-13 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| GORDON CROSEN, et al., | ) | United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Mark Lee Pauler, a former Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Sgt. Gordon Crosen, Sgt. Atkins, and Fred Kite, all employees at Page County Jail.[1] Presently before the court is Pauler's motion for leave to proceed *in forma pauperis*. ECF No. 7.

I.

Plaintiff alleges five separate counts in his 42 U.S.C. § 1983 case. In Count One, Pauler claims that while incarcerated in the "B-Block Drunk Tank" in April 2011, Sgt. Crosen threw a book that came close to striking Pauler's head and made verbal threats directed at Pauler. ECF No. 1 at 5. Count One also generally alleges that while in jail on March 18, Pauler's medication was withheld and he suffered physical harm, that his confidentiality was breached, and that other inmates subjected him to violence and sexual assault. Id. at 5-6. Count Two alleges that while incarcerated, Pauler suffered nutrition neglect as a result of poor food selection, a lack of exercise, and a lack of time outside. Id. at 6. Count Two specifies no date as to when the nutrition neglect occurred. Count Three, titled "Sanitation Safety," alleges that D-Block contained holes in the wall, toilet water

---

[1] Pauler's complaint includes a page that contains the names Officer Atwood of the Luray Police Department and Judge Houff, a "P.C. General District Court Judge." Pauler's complaint is unclear as to whether he intends to file suit against these individuals. However, to the extent Pauler seeks to file suit against these persons, his claims are time barred for the same reason all of Pauler's claims are time-barred.

1

leaked into B-Block common areas, and that paint and cement fell off walls. Id. at 6-7. Count Four alleges "Overcrowdedness." Id. at 7. Further, Count Four explains that Pauler sought placement on work detail through a request to Fred Kite. Id. at 7-8. Fred Kite yelled at Pauler and never placed Pauler on work detail. Id. at 8. Count Five alleges violations of Miranda Rights, specifically that Officer Atwood handcuffed, arrested, jailed, and took Pauler before a magistrate without asking Pauler if he desired an attorney or allowing Pauler to call an attorney. Id.

## II.

Because Pauler appears to be indigent, the court will grant the motion to proceed *in forma pauperis*. However, district courts have a duty to screen initial filings and dismiss a complaint filed *in forma pauperis* if the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under (i), courts are empowered to dismiss claims relying on "an indisputably meritless legal theory" or where "factual contentions are clearly baseless" such as "claims of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Part (ii) incorporates the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations ... to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions...." Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff may not recover damages for emotional injuries without an accompanying

2

physical injury and a correctional officer's threatening language and gestures do not violate a civil right. 42 U.S.C. § 1997e(e); Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

42 U.S.C. § 1983 actions apply the statute of limitations that the forum state applies to general personal injury actions. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). Thus Va. Code § 8.01-243(A) provides the applicable two year statute of limitations in this case. Cornett v. Weisenburger, 454 F. Supp. 2d 544, 547 (W.D. Va. 2006). Federal law, however, determines the accrual date of a cause of action. Cox v. Staunton, 529 F. 2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when the plaintiff has a "complete and present cause of action." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997). An action is complete and present when the "plaintiff can file suit and obtain relief." Id. District court may dismiss 42 U.S.C. § 1983 actions *sua sponte* where the face of the complaint reveals the action is time barred. Nasim v. Warden, 64 F.3d 951, 956 (4th Cir. 1995)(en banc)(dismissing time-barred 42 U.S.C. §1983 claim as frivolous); see also Brooks v. City of Winston-Salem, N.C., 85 F. 3d 178, 181 (4th Cir, 1996)(holding grant of Fed. R. Civ. P. 12(b)(6) motion proper where face of complaint "reveals the existence of a meritorious affirmative defense.")

III.

In Count One, Pauler indicates that the conduct giving rise to his claim for verbal and mental abuse occurred in April of 2011 and that his medications were withheld on March 18. ECF No. 1 at 5. Count Four references a period from March 18 to August 25 without providing a year. Id. at 7. Pauler signed the complaint on September 9, 2011. Id. at 9. No other dates are provided in the entirety of the complaint. Therefore, the latest possible date on which Pauler's claim become "complete and present" was on September 9, 2011. See Bay Area Laundry, 522 U.S. at 201.

Pauler provided a residential, non-jail address, indicating he was not a prisoner when this complaint was filed. ECF No. 1 at 1. Therefore the "Prison Mailbox Rule" is not applicable to the

3

present case.[2] Even assuming the April, 2011 date applies only to Count One, the latest possible date that any of the claims could have accrued is September 9, 2011, when Pauler signed the complaint. The case was filed in the Eastern District of Virginia on March 8, 2016, and transferred to the Western District of Virginia on March 16, 2016.[3] Id. at 1. Because March 8, 2016 is well over four years after September 9, 2011, the two year statute of limitations bars the entirety of Pauler's case. Because the face of the complaint reveals that the entirety of Pauler's claims is plainly time barred, this case is both frivolous and subject to dismissal under a Fed. R. Civ. P. 12(b)(6) standard.

## IV.

For the reasons set forth above, Pauler's entire claim, Counts One, Two, Three, Four, and Five, must be dismissed with prejudice under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915 (e)(2)(B)(ii). Accordingly Pauler's motion for leave to file *in forma pauperis* is **GRANTED** and Pauler's claim **DISMISSED** with prejudice.

An appropriate order will be entered.

Entered: 05-06-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] The "Prison Mailbox Rule" deems a document filed by a inmate proceeding pro se is filed upon delivery to prison authorities rather than receipt by the clerk. "[T]he foundational rationale for the prison mailbox rule is that a prisoner should not be held accountable for the handling of his mail where he has no control. U.S. v. McNeill, 523 Fed. Appx. 979, 982 (4th Cir. 1982)(citing Houston v. Lack, 487 U.S. 266, 271, 108 S.Ct. 2379 (1988)).

[3] The Clerk's office for the Eastern District of Virginia indicates that it received Pauler's complaint on March 2, 2016 and that the complaint was filed on March 8, 2016. Because the date of filing tolls the statute of limitations, the court applies the March 8, 2016 date for the statue of limitations analysis. However, even if the court applied the March 2, 2016 date as the date of filing, the outcome remains the same as both March 2 and March 8, 2016 are well outside of the two years statute of limitations period that at the latest began to run on September 9, 2011.

4